IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, ET AL. | : |
| Plaintiffs | : |
| v. | : Case No. 1:07-cv-02211 EGS |
| ACE CONSULTING & CONSTRUCTION, INC.: and DONNA GIBB, INDIVIDUALLY | : |
| Defendants | : |

### ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Defendant, Donna Gibb ("Defendant") by and through counsel, Rand L. Gelber, and in response to the Complaint ("Complaint") of John Flynn, et al. ("Plaintiffs"), submits her Answer and states as follows:

1. Defendant is without information to form an opinion as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and, therefore, denies same.

2. Defendant is without information to form an opinion as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Defendant is without information to form an opinion as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Defendant is without information to form an opinion as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Defendant is without information to form an opinion as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Upon information and belief, Defendant admits that it was conducting

business and maintained an office in New Jersey as contained in paragraph 6 of the Complaint, however the balance of the allegations are denied.

7.      Upon information and belief, Defendant admits that she was a principal and controlling owner of Ace Consulting which maintained an office in New Jersey, however the balance of the allegations contained in paragraph 7 of the Complaint are denied.

8.      With regard to paragraph 8 of the Complaint, it is admitted Ace Consulting employed members of the Union however the balance of the allegations are denied.

9.      The allegations contained in paragraph 9 of the Complaint are admitted.

10.     With regard to the allegations contained in paragraph 10 of the Complaint, the document speaks for itself.  To the extent a response is required, the allegations are admitted.

11.     The allegations contained in paragraph 11 of the Complaint are admitted.

12.     The allegations contained in paragraph 12 of the Complaint are denied, and strict proof thereof is demanded.

13.     The allegations contained in paragraph 13 of the Complaint are denied, and strict proof thereof is demanded.

14.     The allegations contained in paragraph 14 of the Complaint are denied.

15.     The allegations contained in paragraph 15 of the Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, the allegation that Gibb continued to carry on the business of Ace Consulting after the charter was revoked is denied and strict proof is demanded. Further answering, the charter was not revoked until July 16, 2007, almost two years after Ace Consulting filed for bankruptcy and well after it ceased doing business.

16. Defendant is without information to form an opinion as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Defendant denies that Plaintiffs are entitled to the relief sought in the WHEREFORE clause of the Complaint or to any relief.

18. All allegations contained in the Complaint that are not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations.

### THIRD DEFENSE

The Complaint must be dismissed because Plaintiffs have failed to exhaust their administrative and contractual remedies.

### FOURTH DEFENSE

The Complaint must be dismissed because Plaintiffs lack standing to bring the claims sets forth in the Complaint.

### FIFTH DEFENSE

The Complaint fails to state a claim on which an award of attorneys' fees can be granted.

### SIXTH DEFENSE

The Complaint is barred by the doctrine of laches.

**SEVENTH DEFENSE**

The Complaint is barred by the doctrine of waiver.

**EIGHTH DEFENSE**

The Complaint is barred by the doctrine of estoppel.

**NINTH DEFENSE**

The Complaint is barred by the doctrine of unclean hands.

**TENTH DEFENSE**

The Complaint is barred by the doctrine of unjust enrichment.

**ELEVENTH DEFENSE**

Defendant reserves the right to amend their Answer to add additional affirmative defenses as additional information becomes known.

WHEREFORE, having fully answered the Complaint, Defendant respectfully request that the Complaint be dismissed, with prejudice, together with the assessment of costs and attorneys fees in favor of Defendant Gibb and against Plaintiffs.

Respectfully submitted,

   /s/   Rand L. Gelber
Rand L. Gelber Bar # 370654
One Church Street, Suite 802
Rockville, Maryland 20850
301-251-0202
*Attorney for Defendant Donna Gibb*

**JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.


                                             /s/   Rand L. Gelber
                                             Rand L. Gelber


**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing <u>Answer to Complaint and Demand for Jury</u> was mailed, postage prepaid, this 26th day of March, 2008, to:

Ira R. Mitzner, Esq.
Dickstein, Shapiro LLP
1825 Eye Street, N.W.
Washington, D.C. 20006

                                             /s/   Rand L. Gelber
                                             Rand L. Gelber